DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Lucas County Court of Common Pleas. Pursuant to 6th Dist.Loc.App.R. 12(C), wesua sponte, assign this case to the accelerated calendar.
On October 17, 1996, appellant, Larry Brown, was indicted on one count of escape, a violation of R.C. 2921.34(A) and (C)(2)(b), a felony of the third degree. On January 14, 1997, appellant entered a no contest plea to the charge. On July 1, 1997, he was sentenced to three years in prison.
On May 11, 1998, appellant filed a "motion to vacate judgment and sentence." The court denied appellant's motion on September 8, 1998. Appellant now appeals setting forth the following assignments of error:
 "I. THE FAILURE OF BOTH THE STATE AND DEFENSE COUNSEL TO BRING THE FURLOUGH AGREEMENT BETWEEN APPELLANT AND THE DEPARTMENT OF CORRECTIONS TO THE ATTENTION OF THE COURT RESULTED IN PLAIN ERROR IN THE SENTENCING OF APPELLANT.
 "II. APPELLANT'S AGREEMENT TO THE CONDITIONS OF FURLOUGH PURSUANT TO ORC 2967.23 SHOULD HAVE GOVERNED HIS SENTENCE. THAT IT DID NOT RESULTED IN AN INCORRECTLY IMPOSED PRISON TERM.
 "a. SENTENCING FOR A CRIMINAL OFFENSE IS GOVERNED BY THE LAW IN EFFECT AT THE TIME THE OFFENSE WAS CHARGED.
 "b. THE AGREEMENT BETWEEN APPELLANT AND THE OHIO DEPARTMENT OF CORRECTIONS WAS VALID."
Appellant's assignments of error will be addressed together. R.C. 2921.34(A) states:
 "(A)(1) No person, knowing the person is under detention or being reckless in that regard, shall purposely break or attempt to break the detention, or purposely fail to return to detention, either following temporary leave granted for a specific purpose or limited period, or at the time required when serving a sentence in intermittent confinement."
R.C. 2921.34(C)(2)(b) states:
"Whoever violates this section is guilty of escape.
* * *
 If the offender, at the time of the commission of the offense, was under detention in any other manner or was a sexually violent predator for whom the requirement that the entire prison term imposed pursuant to division (A)(3) of section 2971.03 of the Revised Code be served in a state correctional institution has been modified pursuant to section 2971.05 of the Revised Code, escape is one of the following:
* * *
 A felony of the third degree, when the most serious offense for which the person was under detention or adjudicated a sexually violent predator is a felony of the third, fourth, or fifth degree or an unclassified felony or, if the person was under detention as an alleged or adjudicated delinquent child, when the most serious act for which the person was under detention would be a felony of the third, fourth, or fifth degree or an unclassified felony if committed by an adult;" (Emphasis added.)
The version of R.C. 2967.15 in effect a the time of appellant's indictment and sentencing read in pertinent part:
 "A furloughee or a releasee other than a person who is released on parole, conditional pardon, or post-release control is considered to be in custody while on furlough or other release, and, if the furloughee or releasee absconds from supervision, the furloughee or releasee may be prosecuted for the offense of escape."
Appellant submitted an affidavit with his brief asserting the following facts. He (appellant) was convicted of a felony four drug abuse offense. He was sentenced to one year in prison. Before he completed his sentence in prison, he was granted a furlough in 1996. In October 1996, he failed to timely report to the furlough facility resulting in the indictment at issue in the present case.
On appeal, appellant contends the court erred in sentencing him for a third degree felony. In support, appellant has submitted a copy of the "State of Ohio Furlough Rules and Agreement" he signed in September 1996. Specifically, appellant cites paragraph 13 which states:
 "I have been advised that should I abscond furlough supervision, in addition to being declared a furlough violator at large, I will be charged with the fourth degree felony of escape and prosecuted in the local common pleas court system. If convicted of this new charge, the sentence will be served consecutively with my present sentence as provided by the Ohio Revised Code." (Emphasis added.)
It is unclear from the document whether prison officials or furlough supervisors presented the above document to appellant. Despite its wording, the fact remains that the laws of the state of Ohio are governed by the Ohio Revised Code. In October 1996, R.C. 2921.34(C)(2)(b) held that the crime of escape, under the circumstances of appellant's specific offense and at the time appellant committed the offense, was a felony of the third degree. Finding no authority to support appellant's contention that "furlough agreements" supersede the Ohio Revised Code, we conclude that appellant's assignments of error are found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed.
Costs assessed to appellant.
State of Ohio v. Larry Brown C.A. No. L-98-1322
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 ____________________________ Melvin L. Resnick, J.
 Peter M. Handwork, J., James R. Sherck, J.